T.C. Memo. 2013-277

UNITED STATES TAX COURT

LOURDES PUENTES, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 301-12.                    Filed December 9, 2013.

Lourdes Puentes, pro se.

<u>Audra M. Dineen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a $3,809[1] deficiency in

petitioner's Federal income tax for 2009.  The sole issue for decision is whether

_____

[1]All amounts are rounded to the nearest dollar.

**[\*2]** petitioner is entitled to an itemized deduction for home mortgage interest.[2] We hold she is not.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, are incorporated herein by this reference. Petitioner resided in California when she filed the petition.

Petitioner's brother, Benjamin Puentes, purchased a home (San Francisco property) in South San Francisco in 2002. He made a downpayment toward the purchase price of the San Francisco property and financed the remainder of the purchase price with a loan (mortgage loan) secured by the San Francisco property. Mr. Puentes was the sole holder of legal title to the San Francisco property.

In 2003 petitioner began living at the San Francisco property. In 2009 Mr. Puentes became unemployed and unable to make the mortgage payments on the San Francisco property. Petitioner was still residing at the San Francisco property that same year and paid certain amounts owing under the mortgage loan, including interest (mortgage interest). Mr. Puentes received a Form 1098, Mortgage Interest Statement, for 2009 from the mortgage loan lender. The Form 1098 lists Mr.

---

[2]The remaining issues are computational and need not be addressed.

**[*3]** Puentes as the "borrower" and indicates that $28,942 of interest had been paid on the mortgage loan for 2009.

Petitioner filed a Federal income tax return for 2009. On the Schedule A, Itemized Deductions, attached to the return, petitioner claimed a $28,942 deduction (mortgage interest deduction) for the mortgage interest she paid on the mortgage loan. Respondent issued petitioner a deficiency notice disallowing the mortgage interest deduction. Petitioner filed a petition with this Court contesting the deficiency notice.

OPINION

I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a);[3] see Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner if the taxpayer proves that he or she has satisfied certain requirements. Sec. 7491(a); see Baker v. Commissioner, 122 T.C. 143, 168 (2004). Petitioner has neither claimed that the burden shifts to respondent nor

---

[3]Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, in effect for the year at issue.

[*4] shown that she complied with the requirements of section 7491(a). The burden of proof, therefore, remains on petitioner. See Rule 142(a).

II. Mortgage Interest Deduction

Petitioner claims she is entitled to the mortgage interest deduction. Section 163 allows a deduction for interest paid or accrued on certain indebtedness, including acquisition indebtedness with respect to the taxpayer's personal residence. Sec. 163(a), (h)(2)(D), (3)(A)(i), (4)(A)(i). Section 1.163-1(b), Income Tax Regs., provides in pertinent part: "interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness." We have disallowed the deduction for mortgage interest where the taxpayer does not establish legal or equitable ownership of mortgaged property. See Daya v. Commissioner, T.C. Memo. 2000-360; Song v. Commissioner, T.C. Memo. 1995-446. Petitioner concedes that she was not the legal owner of the San Francisco property but argues that she is still entitled to the mortgage interest deduction because she was an equitable owner of it.

State law determines the nature of property rights, and Federal law determines the appropriate tax treatment of those rights. United States v. Nat'l

[*5] Bank of Commerce, 472 U.S. 713, 722 (1985); Blanche v. Commissioner, T.C. Memo. 2001-63, aff'd, 33 Fed. Appx. 704 (5th Cir. 2002). Under California law, it is presumed that the owner of legal title is the owner of the full beneficial title. Cal. Evid. Code sec. 662 (West 1995). This presumption may be rebutted only by clear and convincing proof. Id. Mr. Puentes solely held legal title to the San Francisco property and therefore is presumed the full beneficial (or equitable) owner of it. Accordingly, petitioner must show that she was a beneficial or equitable owner of the San Francisco property by clear and convincing evidence.

A taxpayer becomes the equitable owner of property when he or she assumes the benefits and burdens of ownership. See Baird v. Commissioner, 68 T.C. 115, 124 (1977); Blanche v. Commissioner, T.C. Memo. 2001-63. The Court considers certain factors to determine whether a taxpayer has assumed the benefits and burdens of ownership, including: (1) whether the taxpayer had the right to possess the property and to enjoy the use, rents, and profits thereof; (2) whether the taxpayer had the duty to maintain the property; (3) whether the taxpayer was responsible for insuring the property; (4) whether the taxpayer bore the risk of loss of the property; (5) whether the taxpayer was obligated to pay taxes, assessments, and charges against the property; (6) whether the taxpayer had the right to improve

**[\*6]** the property; and (7) whether the taxpayer had the right to obtain legal title at any time by paying the balance of the purchase price.

Petitioner offered no evidence that she had any agreement with Mr. Puentes entitling her to an ownership interest in the San Francisco property or any beneficial rights, such as the right to rents, the right to profits, the right to possession, the right to improve, or the right to purchase the San Francisco property. Moreover, the record is devoid of any evidence showing petitioner was legally obligated to bear any significant burdens of ownership with respect to the San Francisco property. In particular, the record does not reflect that petitioner had any legal obligation to make the mortgage payments on the San Francisco property or pay any taxes or charges against it. Nor does the record reflect that petitioner had any duty to maintain or insure the San Francisco property. We find that petitioner did not offer sufficient evidence to establish that she ever gained a beneficial or equitable ownership interest in the San Francisco property. Accordingly, we sustain respondent's determination disallowing the mortgage interest deduction.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

**[*7]**   To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.