T.C. Memo. 2014-224

UNITED STATES TAX COURT

LOURDES PUENTES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8751-13.                          Filed October 27, 2014.

Lourdes Puentes, pro se.

Audra M. Dineen, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION[1]

LAUBER, Judge:  With respect to petitioner's Federal income tax for 2010,

the Internal Revenue Service (IRS or respondent) determined a deficiency in tax of

_____

[1]This case was tried before Judge Diane L. Kroupa on March 17, 2014.  On June 16, 2014, Judge Kroupa retired from the Court.  The Court issued an order informing the parties of her retirement and proposing to reassign this case to another judicial officer for purposes of preparing the opinion and entering the decision based on the record of trial, or, alternatively, allowing the parties to request a new trial.  The parties consented to reassignment of the case.  On August 6, 2014, the Court issued an order submitting the case to Judge Lauber.

[*2] $4,055 based on disallowance of her claimed deduction for home mortgage interest under section 163(a) and (h)(2)(D).[2]  We must decide whether petitioner is entitled to this deduction as an equitable owner of property legally owned by her brother.  We hold that she is not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the accompanying exhibits are incorporated by this reference.[3]  Petitioner resided in California when she petitioned this Court.

In 2002 petitioner's brother, Benjamin Puentes (Benjamin), bought a house in South San Francisco.  Benjamin made the required downpayment and financed the balance of the purchase price with a mortgage loan secured by the property.  Petitioner did not contribute to the downpayment, and she is not a party to, or otherwise obligated on, the mortgage loan.  Benjamin is the sole legal owner of the property.

---

[2]All statutory references are to the Internal Revenue Code as in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[3]Because this case was reassigned for purposes of preparing the opinion and entering the decision, we did not have the opportunity to observe the demeanor of the witnesses.  We therefore make no inferences of credibility except those that may be judged from the written record.

[*3]     Petitioner started living in the house in 2003, when she moved to San Francisco to attend college.  Petitioner's father started living in the house in 2005, when he became ill.  As far as the record reveals, Benjamin made all required mortgage payments on the property until he became unemployed, apparently in 2009.  At that point petitioner began making mortgage payments.

All three family members--Benjamin, petitioner, and her father--resided in the house during 2010.  Benjamin remained unemployed that year, and petitioner and her father continued to defray many household expenses.  Her father paid for repairs and supplies.  Petitioner paid $3,317 in property taxes and $311 in homeowner's insurance, which the State Farm Insurance Companies had billed to Benjamin.  Petitioner paid these expenses even though she was not obligated to do so.

Petitioner also made monthly payments toward the mortgage loan during 2010 even though she had no legal obligation to do so.  The mortgage lender listed Benjamin's name, and only his name, on the Form 1098, Mortgage Interest Statement, which reported the payment of $33,097 of loan interest during 2010.  Petitioner, rather than Benjamin, nevertheless claimed a mortgage interest deduction on account of this interest.  The IRS issued petitioner a notice of deficiency disallowing this deduction, and she timely petitioned this Court.

**[\*4]**                                        OPINION

Petitioner concedes that she is not a legal owner of the property. She none-theless contends that she is an equitable owner of the property and is thus entitled to the mortgage interest deduction for 2010. In a previous case before this Court, petitioner advanced the same contention regarding the mortgage interest deduction for 2009. Puentes v. Commissioner, T.C. Memo. 2013-277, appeal filed (9th Cir. Mar. 5, 2014). We found that she was not an equitable owner of the property and accordingly disallowed the claimed deduction.

Petitioner again contends that she is entitled to claim the mortgage interest deduction as an equitable owner of the property because she resided in it during 2010 and made the required mortgage payments. This time, she offers as addition-al support for her position the facts that she paid the homeowner's insurance, paid the property taxes, and (together with her father) made contributions toward main-tenance of the property. Petitioner has acted admirably to enable her family to retain its home at a time of economic difficulty, and we empathize with her position. As a matter of technical tax law, however, we are constrained to agree with respondent.

**[*5]** I.     Burden of Proof

Generally, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to the issue and satisfies certain requirements.  Sec. 7491(a); see Baker v. Commissioner, 122 T.C. 143, 168 (2004).  Petitioner does not contend that the burden should shift to respondent, and she has not shown satisfaction of the section 7491(a) requirements in any event.  The burden of proof thus remains on her.  See Rule 142(a).

II.     Mortgage Interest Deduction

A taxpayer is generally allowed a deduction for interest paid or accrued on "qualified residence interest," which includes interest paid on "acquisition indebtedness with respect to any qualifying residence of the taxpayer."  Sec. 163(a), (h)(2)(D), (3)(A)(i).  A taxpayer may deduct, as home mortgage interest, "[i]nterest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage."  Sec. 1.163-1(b), Income Tax Regs.  The Court of Appeals for the Ninth Circuit, to which an appeal of this case would lie absent

**[\*6]** stipulation to the contrary, has construed this regulation to permit mortgage interest deductions in nonrecourse lending situations. <u>See</u> <u>Golder v. Commissioner</u>, 604 F.2d 34, 36 (9th Cir. 1979), <u>aff'g</u> T.C. Memo. 1976-150.

State law determines the nature of property rights, such as legal or equitable ownership, while Federal law determines the appropriate tax consequences of those rights. <u>See</u> <u>United States v. Nat'l Bank of Commerce</u>, 472 U.S. 713, 722 (1985); <u>Blanche v. Commissioner</u>, T.C. Memo. 2001-63, <u>aff'd</u>, 33 Fed. Appx. 704 (5th Cir. 2002). The parties agree that California law applies in determining petitioner's property rights with respect to the South San Francisco house.

California law provides that the owner of legal title to property is presumed to be the owner of full beneficial title as well. Cal. Evid. Code sec. 662 (West 1995). This presumption may be rebutted only by clear and convincing proof. <u>Ibid.</u> One way to overcome the presumption that the legal owner is also the equitable owner is by showing that there exists an agreement or understanding between the parties evidencing an intent contrary to that which is reflected in the deed. <u>In re Marriage of Fossum</u>, 121 Cal. Rptr. 3d 195, 202 (Ct. App. 2011). This presumption "cannot be overcome solely by tracing the funds used to purchase the property." <u>In re Marriage of Broderick</u>, 257 Cal. Rptr. 397, 400 (Ct. App. 1989).

**[*7]**   The record establishes that Benjamin has been the sole legal owner of the property from the time he purchased it in 2002 through 2010.  California law thus presumes him to be the full beneficial and equitable owner as well.  Petitioner has provided no evidence, let alone clear and convincing proof, that she is an equitable owner of the property.

First, petitioner offered no evidence that she had any agreement with Benjamin entitling her to an ownership interest in the property.  See In re Marriage of Fossum, 121 Cal. Rptr. 3d at 202 (stating that evidence of an agreement may overcome the presumption).  Petitioner moved into the house in 2003, when she began attending college.  Benjamin appears to have made all mortgage (and other) payments on the property for at least six years, until he became unemployed.  The record provides no support for the contention that Benjamin intended to give petitioner an ownership interest in the house in 2002 or at any later time.

Second, the fact that petitioner paid the mortgage, home insurance, and property taxes during 2010 is not sufficient to make her an equitable owner of the property.  Petitioner benefited from her brother's generosity when he made those payments during 2003-2008, and he benefited from her generosity when she made those payments during 2010.  She made these payments not because she owned the property but because her brother was unemployed.  Under California law, the

**[*8]** presumption that the legal owner is the equitable owner "cannot be overcome solely by tracing the funds used to purchase the property." In re Marriage of Broderick, 257 Cal. Rptr. at 400. A fortiori, this presumption cannot be overcome solely by tracing the funds used (temporarily) to make mortgage payments on the property.

Finally, the record is devoid of evidence that petitioner held any ownership interest in the property. She did not contribute to the downpayment in 2002, and there is no evidence that she made mortgage (or other) payments on the property between 2002 and the time her brother became unemployed. Although she resided in the house and paid certain expenses voluntarily, she was not legally obligated to bear any burdens of ownership. We have previously upheld the disallowance of mortgage interest deductions to California taxpayers similarly situated. See, e.g., Daya v. Commissioner, T.C. Memo. 2000-360 (denying deduction where taxpayers resided in, and paid mortgage interest and property taxes on, home legally owned by father and uncle); Song v. Commissioner, T.C. Memo. 1995-446 (denying deduction where taxpayer resided in, and made mortgage payments on, home legally owned by brother); Loria v. Commissioner, T.C. Memo. 1995-420 (same).

**[*9]** For these reasons, we conclude that petitioner has not produced any evidence, much less clear and convincing proof, rebutting the presumption that her brother, the legal owner of the property, is also its full beneficial and equitable owner under California law. Because petitioner is neither "the legal or equitable owner," <u>see</u> sec. 1.163-1(b), Income Tax Regs., she is not entitled to a mortgage interest deduction for 2010.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.