T.C. Summary Opinion 2015-1

UNITED STATES TAX COURT

QUI VAN PHAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16202-13S.                    Filed January 12, 2015.

Qui Van Phan, pro se.

<u>Dean H. Wakayama</u> and <u>Connor J. Moran</u>, for respondent.

SUMMARY OPINION

KERRIGAN, <u>Judge</u>: This case was heard pursuant to section 7463 of the

Internal Revenue Code in effect when the petition was filed. Pursuant to section

7463(b), the decision to be entered is not reviewable by any other court, and this

opinion shall not be treated as precedent for any other case. Unless otherwise

indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

This case was commenced in response to a notice of deficiency determining a deficiency of $8,970 and an accuracy-related penalty pursuant to section 6662(a) of $1,794 for tax year 2010. The issues for consideration are (1) whether petitioner is entitled to a home mortgage interest deduction for tax year 2010, and (2) whether petitioner is liable for an accuracy-related penalty for tax year 2010.

Background

Petitioner resided in California when he filed the petition.

In 2008 petitioner moved into a house on a three-acre ranch in California (property) to help his mother, who was unable to care for the property. He lived at the property during 2010. During this time his mother was in the process of divorcing his father. His father left the property before 2008 and did not live there at all in 2010. As part of the divorce settlement his mother would pay his father in exchange for his father's interest in the property. In order to secure the needed funds, the mortgage loan for the property was refinanced in 2011. Because of his financial situation petitioner was not able to buy the property. However, petitioner entered into an oral agreement with his mother and his siblings that he would pay

the mortgage loan and the property taxes and these payments would increase his equity interest in the home. Petitioner's sister and sister-in-law refinanced the mortgage loan for the property in 2011. In 2013 petitioner's name was added to the legal title to the property.

In 2010 the legal title to the property was held by petitioner's mother, brother, and father. His brother and father were not living at the property. Petitioner's mother was unable to take care of the property on her own.

During 2010 Chase held a mortgage on the property. The mortgage was not held in petitioner's name. During 2010 Chase received monthly mortgage payments from petitioner of $3,958. Petitioner maintained a bank account with Wells Fargo, and his bank statements for 2010 show a monthly check for $3,958 paid to Chase.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for tax year 2010. He attached a Schedule A, Itemized Deductions, to his Form 1040 on which he claimed a $35,880 deduction for home mortgage interest.

On April 8, 2013, respondent issued petitioner the notice of deficiency disallowing petitioner's claimed home mortgage interest deduction and imposing the accuracy-related penalty under section 6662(a).

## Discussion

I.  Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to the Commissioner. Petitioner has not claimed to meet and has not shown that he meets the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

II.  Mortgage Interest Deduction

Deductions are a matter of legislative grace, and taxpayers bear the burden of establishing entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers must maintain records sufficient to allow the Commissioner to determine their correct tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Section 163(a) allows a deduction for all interest paid or accrued within the taxable year on indebtedness. Section 163(h)(1), however, provides that, in the case of a taxpayer other than a corporation, no deduction is allowed for personal

interest. Qualified residence interest is excluded from the definition of personal interest and thus is deductible under section 163(a). See sec. 163(h)(2)(D).

Qualified residence interest is any interest that is paid or accrued during the taxable year on acquisition indebtedness or home equity indebtedness. See sec. 163(h)(3)(A). For any period, the aggregate amount of home acquisition indebtedness may not exceed $1 million. Sec. 163(h)(3)(B)(ii).

The indebtedness generally must be an obligation of the taxpayer and not an obligation of another. See Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), aff'g T.C. Memo. 1976-150. Section 1.163-1(b), Income Tax Regs., however, provides that even if a taxpayer is not directly liable on a bond or note secured by a mortgage, the taxpayer may nevertheless deduct the mortgage interest paid if he or she is the legal or equitable owner of the property subject to the mortgage.

State law determines the nature of property rights, such as legal or equitable ownership, while Federal law determines the appropriate tax consequences of those rights. See United States v. Nat'l Bank of Commerce, 472 U.S. 713, 722 (1985); Blanche v. Commissioner, T.C. Memo. 2001-63, aff'd, 33 Fed. Appx. 704 (5th Cir. 2002). California law applies in determining petitioner's property rights in the property.

California law provides that the owner of legal title to property is presumed to be the owner of full beneficial title as well. Cal. Evid. Code sec. 662 (West 1995). This presumption may be rebutted by clear and convincing proof. Id. Petitioner's name was not added to the legal title to the property until 2013. Petitioner must overcome the presumption by providing clear and convincing proof that he had an equitable ownership interest in the property when he made the mortgage payments in 2010.

Under California law an individual may overcome the presumption that the legal owner is also the equitable owner by showing that there exists an agreement or understanding between the parties evidencing an intent contrary to that which is reflected in the deed. In re Marriage of Fossum, 121 Cal. Rptr. 3d 195, 202 (Ct. App. 2011).

Petitioner testified credibly that his family had granted him an interest in the property and would allow him to add his name to the title at any time if he paid the property expenses. Cf. Puentes v. Commissioner, T.C. Memo. 2014-224, at *7-*8 (holding that the taxpayer was not the equitable owner of the property because she failed to provide any evidence of an agreement evidencing an intent contrary to that reflected in the deed). His name was added to the title in 2013. Petitioner testified that his name was not added to the title earlier because of his financial

status. Petitioner's evidence is credible and shows his family's agreement that he was a beneficial owner of the property.

We have held that a taxpayer may become the equitable owner of property if he or she assumes the benefits and burdens of ownership. See Baird v. Commissioner, 68 T.C. 115, 124 (1977). In determining whether the benefits and burdens of ownership have been transferred to a taxpayer, this Court has often considered whether the taxpayer: (1) has a right to possess the property and to enjoy the use, rents, or profits thereof; (2) has a duty to maintain the property; (3) is responsible for insuring the property; (4) bears the property's risk of loss; (5) is obligated to pay the property's taxes, assessments, or charges; (6) has the right to improve the property without the owner's consent; and (7) has the right to obtain legal title at any time by paying the balance of the purchase price. Blanche v. Commissioner, slip op. at 21-22.

Petitioner resided at the property in 2010, consistent with his right to possess and enjoy use of the property. Petitioner also took a number of actions consistent with performing his duties, responsibilities, and obligations under the agreement with his family. He made the mortgage payments before, during, and after 2010. He testified credibly that he made the property tax and insurance payments, paid the cable bill, maintained the property, and made improvements to

the property. The property was three acres, and he testified that his mother was unable to care for it. As a result of these actions, petitioner was granted the right to add his name to the legal title to the property. Petitioner also bore a substantial risk of loss because he stood to lose the funds spent to build his equitable interest. On the facts and circumstances of this case, we find that petitioner has provided clear and convincing evidence that he was an equitable owner of the property in 2010.

We do not sustain respondent's deficiency determination and therefore need not decide whether an accuracy-related penalty under section 6662(a) would be appropriate.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.